IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CENTRAL NATIONAL BANK & | ) | |
| TRUST COMPANY OF ENID, | ) | |
| a national banking association, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No. CIV-08-1083-C |
| | ) | |
| ALERITAS CAPITAL CORPORATION, | ) | |
| f/k/a BROOKE CREDIT CORPORATION, | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff filed the present case seeking to enforce the terms of a contract between the parties. Defendant offered Plaintiff the opportunity to purchase a participation interest in a loan made by First State Bank to Defendant. Plaintiff argues that under the terms of the loan it was entitled to recoup its participation interest upon notification to Defendant. Plaintiff argues that it provided the required notification and that Defendant has failed to repay its participation interest. Plaintiff filed the present motion seeking summary judgment, based on a finding that Defendant had failed to honor the terms of the contract.

Although the time to respond has passed, Defendant has failed to respond or seek additional time to respond. Indeed, review of the Court's docket makes clear that although Defendant was served on October 15, 2008, it has failed to enter an answer or otherwise appear in this action. As the Tenth Circuit has made clear, the mere failure to file a response

to summary judgment "is not, by itself, a sufficient basis on which to enter judgment against the party." Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). Rather, "[t]he district court must make the additional determination that judgment for the moving party is 'appropriate' under Rule 56." Id. Applying that standard, the Court finds Plaintiff is not entitled to summary judgment as this time.

> The relevant terms of the parties' contract state:
>
> so long as you agree to purchase a participation interest on the closing date of no less than two million dollars the company will, at your request, *on or before* December 31, 2008, and upon thirty days prior written notice by you find a buyer for your participation interest or purchase your participation interest for the outstanding amount on the date of the purchase.

(emphasis added). (Ex. 1 to Ex. A to Pl.'s Br. in Supp. of Mot. for Summ. J.) Thus, under the unambiguous terms of the contract, Defendant is not in default until December 31, 2008. As that date has not yet passed, summary judgment is inappropriate at this time.[*] However, given Defendant's failure to respond in this matter, the Court finds it appropriate to grant Plaintiff leave to submit a second motion for summary judgment or a Motion for Default Judgment on this topic if the December 31 deadline passes without appropriate action from Defendant.

---

[*] The Court notes that this same fact would preclude entry of default judgment in favor of Plaintiff as the allegations in the Complaint even accepted as true would not yet demonstrate a breach of the contract.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment (Dkt. No. 6) is DENIED.

IT IS SO ORDERED this 23rd day of December, 2008.

*[signature]*

ROBIN J. CAUTHRON
United States District Judge