IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CENTRAL NATIONAL BANK & | ) | |
| TRUST COMPANY OF ENID, | ) | |
| a national banking association, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No. CIV-08-1083-C |
| | ) | |
| ALERITAS CAPITAL CORPORATION, | ) | |
| f/k/a BROOKE CREDIT CORPORATION, | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed the present case seeking to enforce the terms of a contract between the parties.  In that contract, Defendant offered Plaintiff the opportunity to purchase a participation interest in a loan made by First State Bank to Defendant.  According to Plaintiff, under the terms of the contract, Plaintiff was entitled to recoup its participation interest upon notification to Defendant.  In filing the present case, Plaintiff asserts that although it provided the required notification,  Defendant has failed to repay Plaintiff's participation interest.  Plaintiff now seeks to recover the funds it expended pursuant to the contract.

Plaintiff has filed a Motion for Summary Judgment seeking entry of judgment against Defendant in the amount of the participation interest plus prejudgment interest.  Although the time to respond has passed, Defendant has failed to respond or seek additional time to

respond.* Accordingly, the Court will accept the facts as alleged in Plaintiff's Motion for Summary Judgment as undisputed and based on those facts, determine if Plaintiff is entitled to judgment.  See Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002) ("[A] party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party.  The district court must make the additional determination that judgment for the moving party is 'appropriate' under Rule 56."). Following that standard, the Court finds Plaintiff is entitled to summary judgment.

The pertinent term of the contract between the parties states:

So long as you agree to purchase a Participation Interest on the Closing Date of no less than $2,000,000, the Company will, at your request on or before December 31, 2008 and upon 30 days prior written notice by you, find a buyer for your Participation Interest or purchase your Participation Interest for the outstanding amount on the date of the purchase.

(Pl.'s Compl, ¶ 8.)

According to the Affidavit appended to Plaintiff's motion, on March 7, 2008, Plaintiff purchased a participation interest in the amount of $2,000,000 in the First State Bank loan to Defendant.  On August 20, 2008, Plaintiff gave Defendant written notice of Plaintiff's request that Defendant find a buyer for Plaintiff's participation interest or purchase the participation interest for the outstanding amount which was $1,885,569.14. As of the 5th day of January, 2009, Defendant had failed to respond to the August 20th notice letter, failed to

---

* The Court's docket makes clear that although Defendant was properly served on October 15, 2008, it has not filed an answer or otherwise appeared in this action.

find a buyer for Plaintiff's participation interest, and failed to purchase Plaintiff's participation interest as required by the parties' contract.

Based on these undisputed facts, it is clear Defendant is in breach of the contract and Plaintiff is entitled to recover.  Further, pursuant to Oklahoma law, Plaintiff is entitled to recover prejudgment interest from Defendant.  <u>See</u> 23 Okla. Stat. § 6.  That interest rate is also set by Oklahoma law at 6% per annum.  <u>See</u> 15 Okla. Stat. § 266.

Therefore, the Court finds that the parties reached a valid and enforceable contract, that Defendant breached that contract, and that as a result Plaintiff is entitled to recover $1,885,569.14 from Defendant.  Plaintiff is also entitled to recover prejudgment interest at the rate of 6% per annum from January 1, 2009, until the date of this Order.

For the reasons set forth herein, Plaintiff's Second Motion for Summary Judgment (Dkt. No. 12) is GRANTED.  A separate judgment will enter.

IT IS SO ORDERED this 26th day of January, 2009.


ROBIN J. CAUTHRON
United States District Judge